# BANCO POPULAR

*v.*

# WILCOX.

---

San Juan, Equity, No. 946.

SUPPLEMENTARY PROCEEDINGS.

Supplementary Proceedings—When Applicable.
　　The Federal procedure is that of the common law modified by the Code of Civil Procedure, itself of common-law origin. Supplementary proceedings under § 269 of the Code of Civil Procedure applies where the execution has been returned unsatisfied.

Opinion filed January 21, 1918.

*Messrs. Chas. Hartzell* and *J. R. F. Savage* for motion.

*Mr. Frank Antonsanti* for the bank.

HAMILTON, Judge, delivered the following opinion:

On August 2, 1917, upon the petition of the plaintiff, an order was made by this court that the defendant, Wilcox, appear before O. B. Frazer as special referee to answer under oath in what are ordinarily called supplementary proceedings. The basis of the order and the proceedings is § 269 of the Code of Civil Procedure. The facts as represented to the court by motion of the defendant, Wilcox, filed August 24, 1917, to set aside the order, and which are confirmed by the record are that the plaintiff recovered a judgment April 27, 1917, and execution thereon has not been returned satisfied, but plaintiff is seeking to enforce his claim by a bill in equity against the defendant, praying that certain assignment of interest and the judgment in this court be set aside. The court has held up the proceedings pending argument of the motion, and has now an opportunity to consider the whole matter.

The law under which the proceeding is had is found in § 269 of the Code of Civil Procedure, as follows: "When an execution against property of the judgment debtor, or of any of several debtors in the same judgment, issued to the marshal of the district where he resides, or if he do (does) not reside in said district, to the marshal of the district where the judgment roll is filed, is returned unsatisfied in whole or in part, the judgment creditor, at any time after such return is made, is entitled to an order from the judge of the court, requiring such judgment

debtor to appear and answer upon oath concerning his property, before such judge or a referee appointed by him, at a time and place, specified in the order; but no judgment debtor must be required to attend before a judge or referee out of the district in which he resides." [Compilation 1911, § 5306.]

For the purposes of the present motion the proceedings in this court are to be regarded as at common law except so far as modified by the Code of Civil Procedure, itself based upon common-law precedents. At common law property was originally liable to execution for debts only to a limited extent; the liability being gradually increased by statute and court practice until practically all property is liable to execution, with the exception of certain exemptions allowed by the policy of the law. Parallel with this process was the right of a judgment creditor to go into equity to set aside fraudulent conveyances and the like. This also has been modified in some jurisdictions by permitting the procedure to be had by a creditor who has not reduced his claim to judgment. In some jurisdictions, as in Porto Rico, there is further remedy given called supplementary proceedings. 17 Cyc. 1402. This is a stringent statutory remedy; and, while it is to be construed reasonably, it must be construed with some strictness so as not to run counter to constitutional provisions as to unreasonable searches and other personal rights.

The basis of the remedy prescribed is indicated by its name. The proceeding is supplementary, not additional. It is not an incident to an execution, but is to be used when the remedy by execution proves inefficacious. It does not seem allowable under the words of the statute itself to have recourse to this remedy until the execution has been returned unsatisfied.

Recourse against visible property being exhausted in the eye of the law by the marshal's return of there being no such property, the statute allows the examination of the debtor under oath with a view of discovering property which has not been discovered by the marshal. In the case at bar the petition alleged that the execution was "returned by the marshal wholly unsatisfied," and that an alias execution was similarly returned. This seems to be incorrect. The executions have been levied upon a certain fund in court, and may or may not be productive. The executions cannot in any proper sense of the word be said to have been returned "unsatisfied in whole or in part," and this is a prerequisite to the use of the extraordinary remedy sought. As in matters of this sort time may be important, the remedy was granted upon sworn petition without stopping to hear from the defendant, but he should not now be denied the right to have the order vacated upon showing that the prerequisite did not exist.

Under Revised Statutes, § 916, Comp. Stat. 1916, § 1540, the remedies given by the local law apply in the Federal court.

Sec. 916. "The party recovering a judgment in any common-law cause in any circuit or district court, shall be entitled to similar remedies upon the same, by execution or otherwise, to reach the property of the judgment debtor, as are now provided in like causes by the laws of the state in which such court is held, or by any such laws hereafter enacted which may be adopted by general rules of such circuit or district court; and such courts may, from time to time, by general rules, adopt such state laws as may hereafter be in force in such state in relation to remedies upon judgments, as aforesaid, by execution or otherwise."

Banco Popular v. Wilcox.

This is not in conflict with § 2 of article 3 of the Constitution, preserving the distinction between relief at law and in equity. Ex parte Boyd, 105 U. S. 647, 26 L. ed. 1200. In a Federal court, as in a local court, the recovery of a judgment, issue of execution, and return of nonsatisfaction are prerequisites. 17 Cyc, 1407, 1409 and 1421.

It would seem, therefore, that until a direct return of no property found the remedy does not lie, and the grant at this time was premature.

It follows that the order should be vacated and the proceedings had under it held for naught.

It is so ordered.